Matthew J Erausquin (SBN 255217)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
1800 Diagonal Rd., Ste. 600
Alexandria, VA 22314
Tel:   703-273-7770
Fax:   888-892-3512
matt@clalegal.com

Leonard A. Bennett, *pro hac vice forthcoming*
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:   757-930-3660
Fax:   757-257-3450
lenbennett@clalegal.com

Kristi Cahoon Kelly, *pro hac vice forthcoming*
**KELLY & CRANDALL, PLC**
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
Tel:   703-424-7576
Fax:   703-591-9285
kkelly@kellyandcrandall.com

***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **BRIDGETTE FULLER,** *on behalf of herself and all others similarly situated,* | : Civil Action No. _____ |
| | : |
| | : |
| **Plaintiff,** | : **CLASS ACTION COMPLAINT** |
| | : **FOR VIOLATIONS OF THE FAIR** |
| | : **CREDIT REPORTING ACT** |
| **v.** | : |
| | : (DEMAND FOR JURY TRIAL) |
| **EXPERIAN INFORMATION** | : |
| **SOLUTIONS, INC.** | : <u>CLASS ACTION</u> |
| | : |
| **Serve:   CT Corporation System** | : |
| **818 W 7th St., Ste. 930** | : |
| **Los Angeles, CA 90017** | : |
| | : |
| **Defendant.** | : |

1

The Plaintiff, Bridgette Fuller, by counsel, on behalf of herself and all other similarly situated individuals, alleges as follows:

## INTRODUCTION

1.     This is a consumer class action brought for a willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), against Defendant Experian Information Solutions, Inc. ("Experian"), after Plaintiff obtained a copy of her Experian consumer report and discovered that Experian inaccurately reported tax lien information about her.

2.     Experian uses an automated procedure to gather and report tax lien information in consumer reports. However, it does not follow similar procedures to gather updated information after the tax lien has a subsequent disposition—i.e., when the lien is satisfied or withdrawn. Experian's failure to timely gather subsequent lien dispositions is a violation of 15 U.S.C. § 1681e(b) because Experian has not implemented reasonable procedures (or any procedures whatsoever) to ensure the maximum possible accuracy in the preparation of the consumer reports containing this public record information that it furnished regarding Plaintiff and the class members.

3.     Plaintiff and each putative class member were the subject of a consumer report sold to a third party which inaccurately reflected that one or more of their tax liens was outstanding after it had already been released or withdrawn.

**JURISDICTION**

4.     The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) as Experian regularly conducts business in this district and division.

**PARTIES**

6.     Plaintiff Bridgette Fuller ("Ms. Fuller") is a natural person and a "consumer" as that term is defined by § 1681a(c) of the FCRA.

7.     Defendant Experian is a foreign corporation authorized to conduct business in California. It is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined in 15 U.S.C. §1681(d), to third parties.

**FACTS**

8.     Experian provided reports about the Plaintiff and each putative class member which contained inaccurate tax lien information.

9.     Unlike credit accounts, Experian affirmatively seeks out and purchases public record information, including tax liens, and includes this derogatory information in the consumer reports that it sells. It proactively gathers and

disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so.

10. Experian has used a series of different vendors over the years. Originally, these vendors relied on in-person manual reviews of courthouse records to collect tax lien information. Typically, clerk's offices would make available copies of termination records—releases and withdrawals. Weekly update reports were made available. Docket books were examined. A careful, in-person review was conducted.

11. However, Experian and its vendors stopped this more careful process and began collection of tax lien information solely from automated resources.

12. After the switch to this automated process, Experian and its vendors rarely collected any tax lien release or withdrawal information. And the only "in-person" review of the automated data was attempted only after a consumer made a formal dispute, and even then, only rarely.

13. In short, Experian published tax lien data that it knew would be inaccurate if a release or withdrawal had occurred—relying on consumers to clean up their own files via the dispute process after learning of the inaccuracy, rather than paying to have these "dispositions" collected with the same vigor that it collected records of the initial entry of the lien.

4

14.     Upon information and belief, the methods and processes used by Experian and its vendor to gather tax lien releases and withdrawals was materially the same throughout the class period.

15.     At all times relevant to this Complaint, Experian's conduct regarding the collection of tax lien release or withdrawal information was willful and carried out in reckless disregard for a consumer's rights under the FCRA. For example, Experian's conduct was willful because it was intentionally accomplished through Experian's intended procedures and because Experian believed that its diligence in collecting and reporting derogatory information was of greater economic value to its paying customers than the collection of "disposition" information that demonstrated that the debt was no longer owed.

16.     Experian has also been on notice of these issues throughout the pendency of *Souter v. Equifax Information Services, LLC*, 3:10-cv-107 (E.D. Va.). Experian has also been sued for similar conduct in other jurisdictions. *Pumphrey v. Experian Info. Solutions, Inc.*, 3:11-cv-574 (E.D. Va.); *Clark v. Experian Info. Solutions, Inc.*, 3:16-cv-32 (E.D. Va.); *Brown v. Experian Info. Solutions, Inc.*, 3:16-cv-670 (E.D. Va.).

17.     At all times relevant to this Complaint, Experian was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under Experian's direct supervision and

5

control.

18. As a result of Experian's conduct, Plaintiff and the putative class members suffered particularized and concrete injuries, including damages to their reputations, reductions to their credit scores, and increased risks that they would be denied credit.

### Facts as to Plaintiff Bridgette Fuller

19. On or around September 18, 2006, the Delaware Division of Revenue filed a tax lien against Ms. Fuller in New Castle Superior Court in New Castle, Delaware.

20. Ms. Fuller's lien was thereafter satisfied and the Delaware Division of Revenue filed a Notice of Satisfaction in New Castle Superior Court on or around June 18, 2007.

21. Notwithstanding that this Notice was filed on or around June 18, 2007, Experian nonetheless failed to accurately report the fact that the lien had been satisfied on one or more consumer reports provided to Ms. Fuller and other third parties after that date.

22. Within the past two years, Experian published Ms. Fuller's consumer report on at least nine different occasions to multiple third parties.

### COUNT ONE:
### Violation of 15 U.S.C. § 1681e(b)

23. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

6

24.     Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class:

All natural persons who meet every one of the following definitional requirements:

a.     the Pennsylvania, New Jersey, Delaware, or Virgin Islands court records show that the person was the subject of a federal or state tax lien filing;

b.     the court records also show that a release or withdrawal of that tax lien was subsequently filed;

c.     Experian's records note that a consumer report regarding the person was published 15 days for more following the date of the lien release or withdrawal filing, but within two years preceding the filing date of this Complaint; and

d.     the Experian report contained a record of the tax lien, but did not also reflect that the tax lien had been released or withdrawn.

Subclass 1:  The individuals described above who were the subject of only one or more tax liens that were each withdrawn and who had no other tax liens in their file;

Subclass 2:  All individuals who meet the general class definition criteria, but do not meet the requirements of Subclass 1.

25.     Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiff alleges that the class is so numerous that joinder of all of the class members' claims is impractical. The class members' names and addresses are identifiable through Experian's records and publicly available court records, and the class

7

members may be notified of the pendency of this action by published and/or mailed notice.

26.     Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, but are not limited to:

a.     Whether Experian adopted procedures that collected and reported updates to federal and state tax liens that were less systematic and effective than those it used to collect and report the underlying tax liens;

b.     Whether Experian's uniform procedure (including those of its agent) for collecting tax lien releases and withdrawals was a reasonable procedure to ensure maximum possible accuracy in the consumer reports it furnished;

c.     Whether Experian did so recklessly, knowingly, or intentionally in conscious disregard of the class members' rights; and

d.     Whether Experian's conduct violated the FCRA.

27.     Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each class member and the Plaintiff is entitled to relief under the same cause of action as the other class members. The procedures for both Experian's consumer reporting and its collection of the tax lien dispositions were the same. The willfulness evidence is the same. And the time period within which all actions relevant to this class claim took place is the same.

8

28.     Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the class because her interests coincide with, and are not antagonistic to, the interests of the class members she seeks to represent; she has retained counsel competent and experienced in such litigation; and she will vigorously prosecute this action. Plaintiff and her counsel will fairly and adequately protect the class members' interests.

29.     Superiority. Fed. R. Civ. P. 23(b)(3). As alleged above, questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Further, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Experian's conduct and the limited availability of legal representation for such prosecutions. It would be virtually impossible for the class members to individually and effectively redress the wrongs done to them. Even if the class members could afford such individual litigation, it would be an unnecessary burden on the Court. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Experian's conduct. By contrast, the class action device will result in

substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

30. Experian violated 15 U.S.C. § 1681e(b) as to the Plaintiff and to the class by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff and other class members.

31. The Plaintiff and each putative class member suffered an actual injury and loss because of Experian's violation of 15 U.S.C. § 1681e(b).

32. For example, the rights at issue were determined by Congress to be important measures of Experian's process to ensure continued accuracy and completeness in its files and reports.

33. In each instance for the Plaintiff and each class member, their actual credit reports were materially inaccurate and reported a major derogatory public record that Experian was legally obligated to correct or omit.

34. Experian's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable under 15 U.S.C. § 1681n.

35. In the alternative, Experian's violation of 15 U.S.C. § 1681e(b) was negligent, rendering it liable under 15 U.S.C. § 1681o.

36. The Plaintiff and each class member are entitled to recover statutory damages up to $1,000, punitive damages, costs, and attorney's fees from the Experian

in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Plaintiff and each class member are entitled to recover their actual damages pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, on behalf of herself and the putative class members, moves for class certification and for statutory and/or actual damages, punitive damages, and attorney's fees and costs against the Defendant, as well as any other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**BRIDGETTE FULLER,** *on behalf of herself and all others similarly situated*


By __*/s/ Matthew J. Erausquin*____
Of Counsel

Matthew J. Erausquin (SBN 255217)
matt@clalegal.com
**CONSUMER LITIGATION ASSOCIATES, P.C.**
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: 703-273-7770
Facsimile: 888-892-3512

***Attorney for Plaintiff***